PARKS *v.* HAZLERIGG and Others.

Signature is not essential to the validity of an appeal-bond.

ERROR to the *Hendricks* Circuit Court.

SULLIVAN, J.—This was an action of debt on an appeal-bond. The plaintiff declared against *Hazlerigg, Kizer, Russell,* and *Dugan;* for that the defendants, on, &c., at, &c., by their certain writing obligatory sealed with their seals, &c., acknowledged themselves to be held and firmly bound, &c. On *oyer,* it appeared that the above defendants were named in the bond as obligors. There were four seals affixed to the bond, but it was signed only by *Hazlerigg, Russell,* and *Dugan.* Opposite to the fourth seal there was no signature. Demurrer to the declaration and judgment for the defendants.

This case presents the simple question, whether it is necessary to the validity of a bond, which has been sealed by the obligor, that it be signed by him also.

At common law, signing was not necessary to the validity of a deed. 2 Blacks. Comm. 305, 6.—*Cromwell* v. *Grunsden,* 2 Salk. 462. To this point it is not necessary to multiply authorities. It has been intimated that since the statute of frauds and perjuries, signing, as well as sealing, is necessary, 2 Blacks. Comm., *supra;* but the better opinion seems to be, that the statute has made no alteration in this respect, since it applies only to mere agreements, and not to deeds. 1 Shepp. Touch., by Preston, 56, n. 24. Hurlstone on Bonds, 8. "Signing," says Gresley, in his Equity Evidence, p. 121, in speaking of the execution of a deed, "is not ordinarily essential, but it is always as well to prove it, as a regular part of the transaction. Besides, it assists the other parts of the proof of execution, for the circumstance that the party has written his name opposite to the seal, on an instrument bearing on its face a declaration that it was sealed by him, is *prima facie* evidence of sealing and delivery." The common law, therefore, remains unchanged, and signing was not essential to the validity of the bond declared on in this case. If the plaintiff can prove that *Kizer,* with the other defendants, sealed the bond, the proof will support the declaration,

which is in the usual form. The Court erred in sustaining the demurrer (1.)

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the plaintiff.

(1) In cases unaffected by statute, it is not essential to the validity of a deed that it have the party's signature. Bac. Abr. Obl. C.—3 Prest. Abst. 61.—Smith on Cont. 4, 5. But whether, where the subject-matter of a deed is within the statute of frauds (29 Car. 2,) the party's signature is necessary,—in other words, whether sealing is a signing within that statute,—is an unsettled question. Soon after the act passed, the question was raised in the Common Pleas: three Judges held the signature to be unnecessary to a will having a seal, the other doubted. *Lemayne* v. *Stanley*, 3 Lev. 1. That sealing a will is a signing of it, was decided in *Warneford* v. *Warneford*, 2 Strange, 764. C. J. *Willes* expressed a decided opinion the other way, in *Ellis* v. *Ellis*, 1 Ves. jun. 13. The Judges, in *Smith* v. *Evans*, say, that what was said in 3 Lev. 1, "that putting a seal to a will is a sufficient signing within the statute of frauds and perjuries," is very strange doctrine. 1 Wils. 313. Various opinions on this question may be found in the text-books. *Blackstone* says, the statute of Car. 2, revives the *Saxon* custom, and expressly directs the *signing, in all grants of lands, and many other species of deeds ;* in which, therefore, signing seems to be now as necessary as sealing, though it hath been sometimes held that the one includes the other. · 2 Bl. Comm. 306. Acc. 1 Steph. Bl. 459. But Mr. *Preston* is of a different opinion: he thinks it clear that the statute is applicable only to mere agreements, not to deeds. 1 Shepp. Touch. Prest. ed. 56, n. The question, whether the statute of frauds requires that a lease under seal should also be *signed,* was recently raised in the Queen's Bench, but was left undecided. *Cooch* v. *Goodman*, 2 Adol. & Ell. N. S. 580. In *Indiana,* conveyances of lands, or of any estate or interest therein, are expressly required to be *subscribed and sealed.* R. S. 1843, p. 416.